**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA,

v.  CASE NO. 4:09cr70-RH/WCS

ERIC JEROME REESE, JR.,

      Defendant.

_____/

## NOTICE OF A SENTENCING ISSUE

As noted at the hearing on April 28, 2010, a sentencing issue is whether the proper offense-level increase is four levels or six under this provision:

> (4) If any firearm (A) was stolen, increase by 2 levels; *or* (B) had an altered or obliterated serial number, increase by 4 levels.

U.S. Sentencing Guidelines Manual § 2K2.1(b)(4) (2009) (emphasis added). An increase of four levels, not six, would be consistent with the use of "or"—the word emphasized in the language quoted above. And it would comport with the general principle that provisions within a single specific-offense-characteristic subsection should be applied alternatively, not cumulatively:

> The offense level adjustments from more than one specific offense characteristic within an offense guideline are applied cumulatively (added together) unless the guideline specifies that only the greater (or

greatest) is to be used. *Within each specific offense characteristic, however, the offense level adjustments are alternative; only the one that best describes the conduct is to be used*.

U.S. Sentencing Guidelines Manual § 1B1.1 cmt. n.4(A) (2009) (emphasis added).

A single case upholds a six-level increase, but there the issue was not raised. *See United States v. Perez*, 276 F. App'x 512 (7th Cir. 2008).

 SO ORDERED on May 3, 2010.

           s/Robert L. Hinkle
           United States District Judge