IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO.  4:09cr70-RH/CAS
                4:18cv260-RH/CAS

ERIC JEROME REESE, JR.,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY

The defendant Eric Jerome Reese, Jr. has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 100. No objections have been filed.

As the report and recommendation correctly notes, a defendant can pursue a second or successive § 2255 motion only if authorized by the appropriate court of appeals—in this case, the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit has not authorized Mr. Reese to file a second or successive § 2255 motion. This court lacks jurisdiction to consider Mr. Reese's motion.

It also bears noting that Mr. Reese's second claim is plainly unfounded. He asserts that his guideline calculation violated *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held unconstitutionally vague part the armed-career-criminal statute, 18 U.S.C. § 924(e). But in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the vagueness principle underlying *Johnson* does not apply to the Sentencing Guidelines.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds,

a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Reese has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The motion for relief under 28 U.S.C. § 2255, ECF No. 99, is dismissed.

2. The clerk must enter judgment.

3. A certificate of appealability is denied.

SO ORDERED on August 20, 2018.

s/Robert L. Hinkle<br>
United States District Judge